**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | **) Bankruptcy No.** 24-20807-CMB |
| | **)** |
| Emanuel R. Mori, | **) Chapter** 11 |
| | **)** |
| **Debtor.** | **) Document No.** |

_____

**CHAPTER 11 PLAN OF REORGANIZATION**

_____

**Donald R. Calaiaro, Esquire
PA I.D. No. 27538**
dcalaiaro@c-vlaw.com
**CALAIARO VALENCIK
938 Penn Avenue, Suite 501
Pittsburgh, PA  15222-3708
412-232-0930 phone
412-232-3858 fax**

**DATED:** October 18, 2024

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No.** 24-20807-CMB |
| | ) |
| Emanuel R. Mori, | ) **Chapter** 11 |
| | ) |
| **Debtor.** | ) **Document No.** |

## CHAPTER 11 PLAN OF REORGANIZATION

Emanuel R. Mori, the Debtor and Debtor-In-Possession, proposes the following Chapter 11 Plan of Reorganization ("Plan") pursuant to Section 1121(b) and (c) of the Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. Section 1121(b), (d).

## ARTICLE 1 - DEFINITIONS

For purposes of this Plan, except as otherwise expressly provided herein or unless the context otherwise requires, the following capitalized terms shall have the meaning set forth below:

**1.1**    Adequate Protection Payments shall mean payments made between the filing date and confirmation date by Emanuel R. Mori. In respect of secured claims.

**1.2**    Administrative Claims shall mean the costs and expenses of administration of this Chapter 11 case allowed under Section 503(b) and entitled to priority under Section 507(a)(2) of the Code.

**1.3**    Allowed shall mean, with respect to a Claim, (a) any Claim that has been listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent and for which no contrary proof of claim or interest has been filed, (b) any properly and timely filed, liquidated, noncontingent Claim with respect to which no objection to the allowance thereof has been filed within the applicable period fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or a Confirmation Order or a Final Order of the Bankruptcy Court. Unless otherwise specified in the Plan or in a Final Order allowing such Claim, "Allowed" in reference to a Claim shall not include (a) interest on the amount of such Claim accruing from and after the Petition Date, (b) punitive or exemplary damages, or (c) any fine, penalty, or forfeiture.

**1.4**    Allowed Claim shall mean a Claim against the Debtor to the extent.

   **a.**    A Proof of Claim was filed:

      **i.**    Timely filed;

    **ii.**    Deemed filed pursuant to Section 1111(a) of the Bankruptcy Code; or;

    **iii**.    Filed late with leave of the Bankruptcy Court after notice and opportunity for hearing given to the Debtor's counsel; and **b.**
    **(1)**    Which is not a Disputed Claim; or

    **(2)**    Which is allowed (and only to the extent allowed) by a Final Order, after objection, if any, and hearing; and

    **c.**    If the Claim is a Disputed Claim, the Creditor filed a Proof of Claim before the Claims Bar Date.

    d.    With respect to any professionals seeking compensation in connection with this case, when said compensation has been allowed by Order of the Bankruptcy Court after notice and hearing as provided in the Bankruptcy Code.

**1.5**    ***Bankruptcy Case*** or ***Chapter 11 Case*** shall mean this Chapter 11 proceeding filed on April 5, 2024, in the United States Bankruptcy Court for the Western District of Pennsylvania at Case No. 24-20807-JAD.

**1.6**    ***Bankruptcy Code*** shall mean Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended and in effect as of the Petition Date.

**1.7**    ***Bankruptcy Court*** or the ***Court*** shall mean that unit of the United States District Court for the Western District of Pennsylvania known as the United States Bankruptcy Court for the Western District of Pennsylvania located at 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219, or any Court having jurisdiction to hear and determine appeals there from

**1.8**    ***Bankruptcy Rules*** shall mean (a) the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under 8 U.S.C. § 2075, and (b) the local rules of the Bankruptcy Court, in each case, as in effect on the Petition Date.

**1.9**    ***Business Day*** shall mean between 9:00 a.m. and 5:00 p.m. local Pittsburgh time on every day, except Saturdays, Sundays, and national holidays.

**1.10**    ***Claim*** shall mean the meaning set forth in Section 101(5) of the Bankruptcy Code.

**1.11**    ***Claim Holder*** shall mean any holder of claims in any class, as defined herein, entitled to receive a Distribution under the Plan, whether or not such Claims were Allowed Claims on the Effective Date.

**1.12**    *Class* shall mean the category of holders of Claims or Equity Interests in such category as provided by Section 1122 of the Bankruptcy Code and as defined in the context of this Plan.

**1.13**    *Collateral* shall mean any property in which the Debtor has an interest, and which secures an Allowed Claim.

**1.14**    *Confirmation Date* shall mean the date when the Clerk of the Bankruptcy Court shall have entered the Confirmation Order on the docket.

**1.15**    *Confirmation Order* shall mean the order entered by the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

**1.16**    *Creditor* shall mean any person having a claim against the Debtor that arose on or before the Petition Date or a claim against the Debtor's estate of a kind specified in Section 502(g), (h), or (l) of the Bankruptcy Code.

**1.17**    *Disclosure Statement* shall mean the Disclosure Statement of the Debtor, dated October 17, 2024, filed with, and approved by the Court pursuant to Section 1125 of the Bankruptcy Code.

**1.18**    *Disputed Claims* shall mean alleged claims against the Debtor listed as disputed, contingent, or unliquidated on the Debtor's schedules or amended schedules; or which a timely proof of claim is filed, and to which an objection has been timely filed within sixty (60) days after the confirmation date by a party in interest and which objection is not the subject of a Final Order or has not been withdrawn.

**1.19**    *Distribution Date* shall mean one of the following: (a) the 61st Business Day after the Effective Date. On this date, the first distribution will occur to undisputed, allowed secured and priority Claims. (b) If a Claim is not allowed by the prior date, the 30th Business Day after the date on which a Disputed Claim is finally adjudicated and no further appeal can be taken. (c) The date in which the Court approves or orders a distribution to be made to Creditors.

**1.20**    *Effective Date* or *Plan Effective Date* shall mean the date in which the Plan is substantially consummated. This is expected to be the later of 90 days after the Confirmation Order becomes a final order, or when all conditions precedent to plan effectiveness have been satisfied, whichever is later. It is projected that the Plan Effective Date will be in February 2025, subject to the Confirmation Order being a final order and all conditions precedent being met at that time.

**1.21**    *Final Decree* shall mean the decree contemplated under Bankruptcy Rule 3022 that closes this Chapter 11 Case.

**1.22**    *Impaired* means, with respect to any Claim, a Claim with respect to which the Plan alters the legal, equitable or contractual rights to which such Claim entitles its holder.

**1.23** *Insider* shall have the same meaning as more fully defined Section 101(31) of the Bankruptcy Code.

**1.24** *Final Order* shall mean an Order, judgment or decree of the Bankruptcy Court as to which **(a)** any appeal that has been timely taken, has been finally determined or dismissed; **(b)** the time for appeal has expired and no appeal has been timely taken in accordance with Rule 8002 of the Rules of Bankruptcy Procedure and any applicable local procedural rule; or **(c)** an appeal has been timely taken, but such Order has not been stayed by appropriate cash bond or equivalent under Rule 8005 of the Rules of Bankruptcy Procedure.

**1.25** *Fiscal Quarter* shall mean a three-month period ending on the last day of March, June, September, or December as the appropriate case may be.

**1.26** *Gender and Number* when used herein, words importing any gender may be applied to and include all persons; words importing the plural number may be applied to mean a single person or thing, and words importing the singular number may be applied to and mean more than a single person or thing.

**1.27** *Litigation* shall mean actions in the United States District Court or Bankruptcy Court for the Western District of Pennsylvania with any caption including the Debtor.

**1.28** *Petition Date* shall mean April 5, 2024, the date on which **Emanuel R. Mori** filed his petition for reorganization with the Bankruptcy Court.

**1.29** *Plan* shall mean this Chapter 11 Plan of Reorganization, dated October 18, 2024, as the same may be amended or modified from time to time in accordance with the provisions of this Plan and Section 1127 of the Bankruptcy Code, all addenda, exhibits, schedules, releases and other attachments hereto, all of which are incorporated herein by reference as though fully set forth herein.

**1.30** *Priority Tax Claim* shall mean any claim entitled to priority pursuant to Section 507(a)(7) to the extent it is an Allowed Claim.

**1.31** *Professional* shall mean any person or entity employed pursuant to a Final Order in accordance with Sections 327, 328, or 1103 of the Bankruptcy Code, and to be compensated for services rendered prior to and including the Confirmation Date pursuant to Sections 327, 328, 329, 330, or 331 of the Bankruptcy Code.

**1.32** *Proof of Claim* shall mean any proof of claim filed with the Bankruptcy Court with respect to the Debtor pursuant to Bankruptcy Rules 3001 or 3002.

**1.33** *Proponent of the Plan* or *Plan Proponent* shall mean the Debtor, **Emanuel R. Mori.**

**1.34** *Pro Rata* means the proportion that the face amount of a Claim in a particular Class or Classes bears to the aggregate face amount of all Claims (including Disputed

Claims but excluding Disallowed Claims) in such Class or Classes, unless this Plan provides otherwise.

**1.35** *Tax Attributes* shall mean any right or claim for creditors that the Debtor has as of the Confirmation Date of the Plan.

**1.36** *Schedules* shall mean the schedules of assets and liabilities filed by **Emanuel R. Mori** with the Bankruptcy Court as required by Section 521 of the Bankruptcy Code, and any amendments thereto as allowed by the Bankruptcy Court.

**1.37** *Secured Claim* shall mean an allowed claim in respect to which a security interest is held in or against any property of the Debtor's estate, to the extent of the value of such creditor's interest in the estate's interest in such property; and to the extent the claim is perfected against a trustee under Section 544 of the Bankruptcy Code. If the value of such creditor's interest is less than the amount of the allowed claim held by it, then such creditor shall hold an unsecured claim for the deficiency amount; if the creditor's claimed security is not perfected, it will have an unsecured claim; but only to the extent the creditor has filed a claim.

**1.38** *United States Trustee* shall mean the United States Trustee appointed under 28 U.S.C. § 591 to serve in the Western District of Pennsylvania.

**1.39** *Unsecured Claim* shall mean any claim other than an administrative claim; secured claim or a priority claim, to the extent it is an allowed claim; and to the extent a disputed claim has filed a timely Proof of Claim.

**Rules of Interpretation.** Unless otherwise specified, all section or exhibit references in the Plan are to the respective section in, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time. The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained herein. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. For purposes herein: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and the neuter gender; (b) any reference herein to a contract, lease, instrument, release, or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions; and (c) unless otherwise noted above, the rules of construction set forth in section 102 of the Bankruptcy Code shall apply.

## ARTICLE 2 - CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS INTO CLASSES

**2.1**   Class 1 - Administrative Claims                              [Unimpaired]

**2.2**   Class 2 - Secured Claims- Community Loan Servicing, LLC   [Impaired]

| **2.3** | Class 3- PHH Mortgage | [Impaired] |
| **2.4** | Class 4- Select Portfolio | [Impaired] |
| **2.5** | Class 5- Real Estate Taxes | [Impaired] |
| **2.6** | Class 6 – Priority Claims | [Impaired] |
| **2.7** | Class 7– Executory Contracts | [Unimpaired] |
| **2.8** | Class 8- General Unsecured Creditors | [Impaired] |

## ARTICLE 3 - DESIGNATION OF CLASSES

**3.1** Class 1 shall consist of fees to the U.S. Trustee, the Clerk of Courts, and any professional's fees which are entitled to priority under 11 U.S.C. Section 507(a)(1).  These shall include the following:

**(a)** Any attorney who successfully recovers any money on behalf of the estate 11 U.S.C. § 503(b)(3)(D).

**(b)** Attorneys for Debtor, Calaiaro Valencik.

**(c)** Accountant for the Debtor.  11 U.S.C. § 503(b)(4).

**(d)** All U.S. Trustee's fees and Clerk of Bankruptcy Court charges.

**(e)** All professional fees are subject to the Bankruptcy Court's approval under Section 330(a)(1) of the Bankruptcy Code and Bankruptcy Rule 2016(a); and only to the extent professionals preserved the estate.

**3.2** **Class 2 Community Loan Servicing, LLC**  Community Loan Servicing, LLC has a first mortgage lien on the Debtor's property located at 602 Willruth Drive, Allison Park, PA 15101. The Mortgage dated June 25, 2006, was in the principal amount $399,750.00 and recorded at MBV 34227, Page 1.  Community Loan Servicing, LLC filed Proof of Claim No. 11 in the amount of $526,279.35. There are pre-petition and post-petition arrears in the alleged amount of $339,758.51. The Loan has a fixed rate of 5%. The Proof of Claim lists an escrow deficiency of $80,150.50. It also lists an uncollected default

7

interest amount of $100,258.17. The Debtor disputes this balance.

**3.3** **Class 3 PHH Mortgage** Class 3 shall consist of PHH Mortgage. It holds a first mortgage on the commercial property at 4759 Liberty Avenue, Pittsburgh, PA 15224. PHH Mortgage is the only member in this Class.  PHH Mortgage has a mortgage lien on the Debtor's property located at 4759 Liberty Avenue, Pittsburgh, PA 15224. The mortgage dated June 23, 2007, was in the principal amount $150,500.00 and recorded at MBV 34160, Page 433.  PHH Mortgage, through its servicer, HSBC Bank, USA, filed Proof of Claim No. 11 in the amount of $140,133.77. This mortgage has a fixed interest rate of 2.00019%.  This mortgage has a balloon payment upon maturity on September 1, 2037, in the amount of $105,371.05, There are no pre-petition and post-petition arrears.

**3.4** **Class 4 Select Portfolio** Class 4 shall consist of Select Portfolio. It has a first mortgage lien on the Debtor's property located at 3718 Liberty Avenue, Pittsburgh, PA 15201.  Select Portfolio is the only member in this class.

**3.5** **Class 5 Secured and Priority Real Estate Taxes** Class 5 shall consist of the allowed claims held by governmental entities who hold claims for unpaid taxes. The members of this class are the City of Pittsburgh and Allegheny County and the City of Pittsburgh Water and Sewage. The Class includes the following claims:

**SECURED TAX CLAIMS**

| Name of Creditor | Class No. | Amount Owed |
|---|---|---|
| City of Pittsburgh Water- **POC #2** | 5 | $882.57 |
| City of Pittsburgh- **POC #4** | 5 | $10,159.02 |
| City of Pittsburgh- **POC #5** | 5 | $68.75 |
| City of Pittsburgh- **POC #6** | 5 | $46.62 |
| Allegheny County- **POC #7** | 5 | $3,778.84 |
| | | $14,935.80 |

**3.6** **Class 6 Priority Taxes** Class 6 shall consist of the allowed claims held by governmental entities who hold claims for unpaid real priority and secured taxes and

lienable claims that are entitled to secured or priority status pursuant to Sections 506 or 507(a)(8), the members of this class. The member in this class is the Internal Revenue Service.

| Internal Revenue Service **POC #1** | $4,336.30 | 507(a)(8) | Disputed |

**3.7 Class 7 Executory Contracts** This Class shall consist of the tenants who lease residential units with the Debtor. This class is not impaired under this Plan.

**3.8 Class 8 General Unsecured Creditors**   Class 8 shall consist of all other creditors who had an allowed unsecured claim against the Debtor as of April 5, 2024.  This class is made up of general unsecured claims in the approximate amount of $76,250.71.

| Creditor | Class | Amount Owed | (D), (C), (U) | Projected Percent of Dividend |
|---|---|---|---|---|
| Bank of America-disputed (E Mori- Only) xxx9481-**POC #13** | 8 | $5,762.84 | | 100% |
| Bank of America (Disputed) | 8 | $19,934.12 | Disputed | 100% |
| Barclays Bank Delaware | 8 | $7,586.00 | | 100% |
| Capital One | 8 | $8,892.00 | | 100% |
| Credit Protection Association | 8 | $258.00 | | 100% |
| Duquesne Light Company | 8 | $158.00 | | 100% |
| Midland Funding | 8 | $1,507.00 | | 100% |
| Peoples Natural Gas POC # 3 | 8 | $806.26 | | 100% |
| Portfolio Recovery Associates, LLC | 8 | $7,821.33 | | 100% |
| Quantum3 Group MOMA Funding LLC | 8 | $4,820.81 | | 100% |
| Synchrony Bank/Sams Club | 8 | $4,861.00 | | 100% |
| UPMC POC # 8 | | $2,010.73 | | |
| | **TOTAL** | $76,250.71 | | |

## ARTICLE 4 - IMPAIRMENT

The following Classes are <u>not</u> impaired under this Plan:

**Class 1**  - Administrative Claims
**Class 3** – PHH Mortgage (DON HAS HIGHLIGHTED)
**Class 7** – Executory Contracts

The following Classes are impaired under the Plan:

**Class 2** – Community Loan Servicing, LLC
**Class 4** – Select Portfolio
**Class 5** – Real Estate Taxes
**Class 6** – Priority Claims
**Class 8** – General Unsecured Creditors

## ARTICLE 5 - MEANS FOR IMPLEMENTATION OF THE PLAN

**5.1**  The Plan is to be implemented by the reorganized Debtor through on-going business operations and long-term payments to creditors.

The Plan proponent in the Chapter 11 case, intends to sell 3718 Liberty Avenue, Pittsburgh, PA 15201 to fund the Plan.

**5.2**  <u>Litigation Necessary or Possible to Consummate Plan</u>.

.  (A)    Objections to claims of Community Loan Servicing, LLC, POC No. 11 and Bank of America, which has an unfiled claim for $19,934.12.

(B)    Action to avoid judgments which were entered against only Emanuel R. Mori.

(C)    The post-confirmation Debtor shall be entitled to all defenses, rights, and counterclaims against any creditor in establishing the allowed claim, arrearages, or any amount due.

(D)    Any Objections to claims, including but not limited to, objections related to creditors who do not have valid claims against the Debtor, objections related to disputed amounts owed, objections related to the amount of the claims generally, and objections related to claims in which the Debtor is not personally liable.

**5.3** Miscellaneous.

(A)    The Disbursing Agent shall have the exclusive right to negotiate with any administrative claimant, any secured creditor or any disputed creditor to discount or settle any dispute.  The Debtor and the purchaser will not need Court approval to discount or

settle any claim(s).

(B)     Donald R. Calaiaro shall be the Disbursing Agent for Classes 5, 6, and 8. The Debtor shall make monthly payments to the Disbursing Agent. The Disbursing Agent shall distribute the money to Classes 5 and 8 on a quarterly basis. The Disbursing Agent shall disburse money to Class 6 on a monthly basis.

(C)     The Disbursing Agent shall be entitled to a monthly fee of $275.00 a month plus reimbursement of postage, copying and any bookkeeping fees. This is an addition to any legal fees due to Calaiaro Valencik.

(B)  All causes of action, all avoiding powers, all chooses in action of any type which were the property of the Debtor at the time of the commencement of this case shall remain the property of the Debtor under this Plan.

## ARTICLE 6 - PROVISIONS FOR CLAIMS AND EQUITY SECURITY INTERESTS GENERALLY

**6.1** At the time the Confirmation Order becomes a Final Order, the Debtor and the reorganized Debtor and Disbursing Agent shall be deemed to have the benefits and effects of Code Section 1141(a) and (b).

The reorganized Debtor shall be deemed to have the benefits of Code Section 1141(c), and Section 1146 and the Debtor and transferee shall be, and shall be deemed to be fully discharged and released pursuant to Code Section 1141(d)(1)(A) [discharge of debts] and the rights of Class 7, shall be terminated except as provided for in the Plan and as provided by Code Section 1141 (d)(B).

**6.2**  In the event that the claim of any creditor is contingent, unliquidated or subject to dispute on the confirmation date, the Debtor may, in its sole discretion, request the Bankruptcy Court to estimate for the purpose of allowance under Section 502 of the Code,

as soon as practicable after the confirmation date, **(a)** any disputed, contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of this Chapter 11 case, and **(b)** any right to payment arising from a right to an equitable remedy for breach of performance.

## ARTICLE 7

## TREATMENT UNDER THE PLAN AND PROVISION FOR PAYMENT

**7.1 *Administrative Claims.*** The Class 1 claims, to the extent it is an allowed claim, shall be paid their principal claim in full without interest on or before the distribution date by a cash payment to the holder of such a claim except as provided below or as otherwise agreed by each member of the class of persons in this class. Professional persons in Class 1 whose claims have been finally approved and allowed by the court pursuant to Code Section 330 or 503 shall be paid on the effective date of the Plan the amount in cash that has been agreed to by the individual professional persons.

**7.2 *Class 2 Community Loan Servicing, LLC.*** Class 2 shall consist of Community Loan Servicing, LLC as set out in the loan documents shall be impaired by this Plan of Reorganization and shall be paid according to their original terms.

**7.2.1** The Allowed Secured Claim of Community Loan Servicing, LLC, the holder of a first mortgage lien on the Debtor's property at 602 Willruth Drive, Allison Park, PA 15101, shall be classified as Class 2. Community Loan Servicing, LLC shall be the only creditor in Class 2 because this class is specifically for the first mortgage rights, and it is senior to all other liens on the property. The interest rate on the unpaid principal is .5%. The original mortgage was in the face amount of $399,750.00 The Mortgage dated June 25, 2006, was recorded at MBV 34227, Page 1. Community Loan Servicing, LLC filed Proof of Claim No. 11 in the amount of $ 526,279.35. There are alleged pre-petition and

post-petition arrears in the alleged amount of $339,758.51. There is a dispute over the calculation of the claim

**7.2.2  *Treatment*.** This Class is <u>Impaired</u> and <u>Disputed</u>. Community Loan Servicing, LLC is a fully secured creditor and is entitled to be paid the full amount of this Allowed Claim as of the Petition Date, together with additional interest, and costs, as may be part of its allowed claim. The Debtor will continue to pay adequate protection of the payment proposed under this plan until confirmation as part of their adequate protection of this claim. The Debtor shall restructure the allowed claim over a 20-year period after confirmation.

A.    *The Debtor shall pay the <u>allowed claim</u>, amortized over 20 years with a simple interest rate of 5%.* The first payment shall be made not more than 30 days after confirmation of this Plan.

B.    *The Debtor shall pay this debt in 240 equal monthly payments of principal and interest necessary to amortize the debt over the new 20-year period.* In addition to the principal and interest payment, the Debtor shall pay 1/12th of the applicable real estate taxes and 1/12th of the insurance premium.

C.    *In the event the allowed claim of Community Loan Servicing, LLC has not been determined by the Confirmation, the Debtor shall commence payments in the principal and interest set forth in the original note, until the claim has been determined.*

D.    *The Debtor may prepay this obligation at any time without any prepayment penalty.*

**7.2.3  *Retention of Liens*.** Community Loan Servicing, LLC shall retain its liens on the Debtor's property to the same extent, and in the same position until Community Loan

Servicing, LLC's claim is paid in full as part of the adequate protection of its lien.

  **7.2.4** *Satisfaction Upon Completion.* All liens held by Community Loan Servicing; LLC will be retained until the completion of payments contemplated by this Plan. Upon the completion of the payments contemplated under this Plan, Community Loan Servicing, LLC agrees to satisfy all security agreements and filings against the Debtor and release all liens within the time frames provided by applicable state law.

  **7.2.5** *Events of Default.* Any one or more of the following events shall constitute an "Event of Default":

  A. The failure of the Debtor to tender payment to Community Loan Servicing, LLC as agreed and in accordance with the Plan after any applicable cure period.

  B. The conversion or dismissal of the Debtor's Chapter 11 case, or application or motion by or against the Debtor for such conversion or dismissal, unless Community Loan Servicing, LLC consents to such dismissal or conversion.

  C. The failure of the Debtor to observe or perform any other term, condition, covenant, or provision under the loan documents with Community Loan Servicing, LLC after any applicable cure period, except to the extent modified by the Plan.

  **7.2.6** *Remedies.* Upon the occurrence of any event of default arising from a failure to comply with the payment requirements set forth herein, the Debtor shall have fifteen (15) days to cure any default after receipt of that notice. Community Loan Servicing, LLC is required to provide written notice to the Debtor and his counsel of such event of default or the Debtor's failure to cure any event of default. In the event that the default is not cured within the time period allowed, Community Loan Servicing, LLC  will be allowed to take

any action to enforce their rights, subject to applicable laws and procedures, including but not limited to, requesting relief from the automatic stay to proceed with a mortgage foreclosure or any such other action as Community Loan Servicing, LLC  deems necessary under Pennsylvania law and the mortgage.

Community Loan Servicing, LLC may not enforce any right until this notice and opportunity to cure has been given. All notices of default must be mailed to the Debtor **AND** a copy of that notice shall be mailed to Donald R. Calaiaro at Calaiaro Valencik, 938 Penn Avenue, Suite 501, Pittsburgh, PA 15222-3708, with courtesy copies made to Donald Calaiaro at dcalaiaro@c-vlaw.com. All notices must be sent by certified mail, return receipt requested to be effective. The terms of these notice rights must be strictly enforced as a condition precedent to the exercise of any rights under this Plan.

**7.3**    The claims in **Class 3, PHH Mortgage**, shall be paid in full under this Plan. PHH Mortgage has a mortgage lien on the Debtor's property located at 4759 Liberty Avenue, Pittsburgh, PA 15224. The mortgage dated June 23, 2007, was in the principal amount $150,500.00 and recorded at MBV 34160, Page 433.  PHH Mortgage, through its servicer HSBC Bank, USA, filed Proof of Claim No.  11 in the amount of $140,133.77. This mortgage has a fixed interest rate of 2.00019%.  This mortgage has a balloon payment upon maturity on September 1, 2037, in the amount of $105,371.05, There are no pre-petition and post-petition arrears.

**7.3.1**   This class shall not be impaired by this Plan of Reorganization.

**7.3.2**   PHH Mortgage shall retain its liens on the Debtor's property to the same extent, and in the same position until Community Loan Servicing, LLC's claim is paid in full as part of the adequate protection of its lien.

**7.3.3**   *Satisfaction Upon Completion.* All liens held by PHH Mortgage will be

retained until the completion of payments contemplated by this plan. Upon the completion of the payments contemplated under this Plan, of PHH Mortgage agrees to satisfy all security agreements and filings against the Debtor and release all liens within the time frames provided by applicable state law.

      **7.3.4** *Events of Default.* Any one or more of the following events shall constitute an "Event of Default":

      **A.**    The failure of the Debtor to tender payment to PHH Mortgage as agreed and in accordance with the Plan after any applicable cure period.

      **B.**    The conversion or dismissal of the Debtor's Chapter 11 case, or application or motion by or against the Debtor for such conversion or dismissal, unless PHH Mortgage consents to such dismissal or conversion.

      C.    The failure of the Debtor to observe or perform any other term, condition, covenant, or provision under the loan documents with PHH Mortgage after any applicable cure period, except to the extent modified by the Plan.

      **7.3.5** *Remedies.* Upon the occurrence of any event of default arising from a failure to comply with the payment requirements set forth herein, the Debtor shall have fifteen (15) days to cure any default after receipt of that notice. PHH Mortgage is required to provide written notice to the Debtor and his counsel of such event of default or the Debtor's failure to cure any event of default. In the event that the default is not cured within the time period allowed, PHH Mortgage will be allowed to take any action to enforce their rights, subject to applicable laws and procedures, including but not limited to, requesting

16

relief from the automatic stay to proceed with a mortgage foreclosure or any such other

action as PHH Mortgage deems necessary under Pennsylvania law and the mortgage.

PHH Mortgage may not enforce any right until this notice and opportunity to cure

has been given. All notices of default must be mailed to the Debtor **AND** a copy of that

notice shall be mailed to Donald R. Calaiaro at Calaiaro Valencik, 938 Penn Avenue, Suite

501, Pittsburgh, PA 15222-3708, with courtesy copies made to Donald Calaiaro at

dcalaiaro@c-vlaw.com. All notices must be sent by certified mail, return receipt requested

to be effective. The terms of these notice rights must be strictly enforced as a condition

precedent to the exercise of any rights under this Plan.

7.4    The claims in **Class 4, Select Portfolio**, shall be impaired by this Plan of

Reorganization.

7.4.1   The allowed secured claim of Select Portfolio the holder of a first mortgage

lien on the real property located at 3718 Liberty Avenue, Pittsburgh, PA 15210-15201 shall

be classified as Class 2. Select Portfolio shall be the only creditor in Class 4 because this

class is specifically for the first mortgage rights, and it is senior to all other liens on the

property.  Select Portfolio has not filed a Proof of Claim. Select Portfolio asserts that the

basis of the Claim is money loaned related to the 3718 Liberty Avenue, Pittsburgh, PA

15210. Select Portfolio asserts that there are no arrears.

7.4.2   *Treatment.* This Class is Impaired and Disputed. Select Portfolio will be paid

from the proceeds of the sale of 3718 Liberty, Avenue, Pittsburgh, PA 15210. Any sale will

free and clear of liens and be subject to Bankruptcy Court approval. **The Debtor reserve**

**the right to request a full payoff and dispute the amount owed to Select Portfolio**

**prior to disbursing any funds.** If there is a dispute regarding the amount owed to Select

Portfolio, any proceeds from the sale will be held in escrow pending resolution of the

17

dispute.

**7.4.3** The Debtor shall continue to make adequate protection payments equal to the monthly payment required by the note until the sale of 3718 Liberty Avenue, Pittsburgh, PA 15210.

**7.4.4** *Retention of Liens.* Select Portfolio shall retain its liens on the Debtor's property to the same extent, and in the same position until Select Portfolio's claim is paid at the closing of the sale of 3718 Liberty Avenue, Pittsburgh, PA 15210.

**7.4.5** *Satisfaction Upon Completion.* All liens held by Select Portfolio will be retained until Select Portfolio is paid at closing from the sale 3718 Liberty Avenue, Pittsburgh, PA 15210.  Upon payment, Select Portfolio agrees to immediately satisfy all security agreements and filings against the Debtor and release all liens within the time frames required by the Order approving the sale.

**7.5** The Claims of **Class 5, Secured and Priority Real Estate Taxes** shall be impaired by this Plan of Reorganization.

**7.5.2** Class 5 shall consist of all of the tax claims entitled to secured treatment under Section 506 of the Bankruptcy Code or priority treatment under Section 507(a)(8) of the Bankruptcy Code. These taxes include but are not limited to real estate taxes and lienable municipal claims. Unless the holder of such claim agrees otherwise, it must receive the present value of the Claim in regular installments paid over a period not exceeding five (5) years from the Petition Date. The Claims in this Class will participate in this Class ONLY TO THE EXTENT the claim is entitled to priority status. The Claims shall include the principal and interest as of **April 5, 2024**. Any penalty portion and any other portion of the Claim deemed non-priority will be paid as a General Unsecured Claim.

**7.5.3** This Class shall be paid their allowed claims over five (5) years with interest

as allowed by Pennsylvania Law. This Class shall include the principal and interest of their

allowed claims. This Class shall not include any additional charges, collection fees or other

charges.

The following table lists the Priority Tax Claims and the proposed treatment under

the Plan:

### SECURED TAX CLAIMS

| Name of Creditor | Class No. | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| City of Pittsburgh **POC #4** | 7 | $10,159.02 | To the extent that there is an Allowed Secured Claim, Debtor will pay Allowed Secured Claim from sale proceeds or over 5 years at statutory interest of 10% consistent with 11 U.S.C. § 1129(a)(9)(D). |
| City of Pittsburgh **POC #5** | 7 | $68.75 | To the extent that there is an Allowed Secured Claim, Debtor will pay Allowed Secured Claim from sale proceeds or over 5 years at statutory interest of 10% consistent with 11 U.S.C. § 1129(a)(9)(D). |
| City of Pittsburgh **POC #6** | 7 | $46.62 | To the extent that there is an Allowed Secured Claim, Debtor will pay Allowed Secured Claim from sale proceeds or over 5 years at statutory interest of 10% consistent with 11 U.S.C. § 1129(a)(9)(D). |
| City of Pittsburgh **POC #4** | 7 | $10,159.02 | To the extent that there is an Allowed Secured Claim, Debtor will pay Allowed Secured Claim from sale proceeds or over 5 years at statutory interest of 10% consistent with 11 U.S.C. § 1129(a)(9)(D). |
| Allegheny County **POC #7** | 7 | $3,778.84 | To the extent that there is an Allowed Secured Claim, Debtor will pay Allowed Secured Claim from sale proceeds or over 5 years at statutory interest of 10% consistent with 11 U.S.C. § 1129(a)(9)(D). |

**7.5.4   Treatment.** Pursuant to Section 1129(a)(9)(C), (D) of the Bankruptcy Code,

the priority tax claims which are allowed priority claims and/or the secured tax claims that

would otherwise meet the description of an unsecured claim of a governmental unit under

section 507(a)(8), but for the secured status, shall be paid 100% of the allowed claims in

this class under this Plan over sixty (60) months in sixty (60) equal payments. The allowed

priority claims will receive post-petition requisite statutory interest on their respective claims

until the claims are paid in full. At the Debtor's option, the Debtor may pay any claim in this

Class in full at any time.

**7.5.5   Default.** All creditors in this Class must give notice to the Debtor and its

counsel by written notice specifying the alleged default and the action needed to cure the default. The Debtor shall have thirty (30) days to cure any default after receipt of that notice. No creditor may enforce any right or enforce any lien until this notice and opportunity to cure has been given. All notices of default must be mailed to the Debtor **AND** a copy of that notice shall be mailed to Donald R. Calaiaro at Calaiaro Valencik, 938 Penn Avenue, Suite 501, Pittsburgh, PA 15222-3708, with courtesy copies made to Donald Calaiaro at dcalaiaro@c-vlaw.com. All notices must be sent by certified mail, return receipt requested to be effective. The terms of these notice rights must be strictly enforced as a condition precedent to the exercise of any rights under this Plan.

*7.6*    Class 6, Priority Taxes shall be impaired by this Plan of Reorganization. Pursuant to Code Section 1129(a)(9)(c), the Class 6 claims shall be paid in full; to the extent they are allowed priority claims, they shall be paid 100% of the principal and interest priority claims.   They will be paid over 5 years with 6 % post confirmation interest.   The first payment will be made 30 days after the plan effective date. The Debtor will make 60 equal payments to the taxing bodies.

*7.6.2*    Class 6 shall consist of all of the tax claims entitled to secured treatment under Section 506 of the Bankruptcy Code or priority treatment under Section 507(a)(8) of the Bankruptcy Code. These taxes include, but are not limited to, Section 507(a)(8). Unless the holder of such claim agrees otherwise, it must receive the present value of the Claim in regular installments paid over a period not exceeding five (5) years from the Petition Date. The Claims in this Class will participate in this Class ONLY TO THE EXTENT the claim is entitled to priority status. The Claims shall include the principal and interest as of **April 5, 2024**. Any penalty portion and any other portion of the Claim deemed non-priority will be paid as a General Unsecured Claim.

The following table lists the Priority Tax Claims and the proposed treatment under the Plan:

**PRIORITY TAX CLAIMS**

| Claimant | Class Number | Amount Owed | Proposed Treatment |
|---|---|---|---|
| Internal Revenue Service **POC #1** | 7 | $4,336.30 | To the extent that there is an Allowed Priority Tax Claim, Debtor will pay Allowed Priority Tax Claim from sale proceeds or over 5 years at statutory interest consistent with 11 U.S.C. § 1129(a)(9)(C). |

*7.6.3  Default.* All creditors in this Class must give notice to the Debtor and its counsel by written notice specifying the alleged default and the action needed to cure the default. The Debtor shall have thirty (30) days to cure any default after receipt of that notice. No creditor may enforce any right or enforce any lien until this notice and opportunity to cure has been given. All notices of default must be mailed to the Debtor **AND** a copy of that notice shall be mailed to Donald R. Calaiaro at Calaiaro Valencik, 938 Penn Avenue, Suite 501, Pittsburgh, PA 15222-3708, with courtesy copies made to Donald Calaiaro at dcalaiaro@c-vlaw.com. All notices must be sent by certified mail, return receipt requested to be effective. The terms of these notice rights must be strictly enforced as a condition precedent to the exercise of any rights under this Plan.

*7.7*     The **Class 7 Holders of Executory Contracts** The members in this Class 9 will have their executory contracts assumed without modification. They are no impaired by this Plan.

*7.8*     **Unsecured Claims**. The Class 8 claims will be paid the amount of $76,250.71 over five years without interest.

*7.8.1*   This Class shall consist of all other creditors with Allowed Claims not secured by property of the estate and that are not entitled to priority under Section 507(a) of the Bankruptcy Code. The creditors in this Class must have had a claim against the Debtor as

of April 5, 2024**.** The total amount scheduled for this Class is approximately $76,250.71

The following table lists the classes of the Debtor's General Unsecured Claims and

treatment under the Plan.

| Creditor | Class | Amount Owed | (D), (C), (U) | Projected Percent of Dividend |
|---|---|---|---|---|
| Bank of America-disputed (E Mori- Only) | 8 | $17,595.46 | | 100% |
| Bank of America-disputed (E Mori- Only) | 8 | $19,934.12 | | 100% |
| Barclays Bank Delaware | 8 | $7,586.00 | | 100% |
| Capital One | 8 | $8,892.00 | | 100% |
| Credit Protection Association | 8 | $258.00 | | 100% |
| Duquesne Light Company | 8 | $158.00 | | 100% |
| Midland Funding | 8 | $1,507.00 | | 100% |
| Peoples Natural Gas POC # 3 | 8 | $806.26 | | 100% |
| Portfolio Recovery Associates, LLC | 8 | $7,821.33 | | 100% |
| Quantum3 Group MOMA Funding LLC | 8 | $4,820.81 | | 100% |
| Synchorny Bank/Sams Club | 8 | $4,861.00 | | 100% |
| UPMC POC # 8 | | $2,010.73 | | |
| | TOTAL | $76,250.71 | | |

**7.8.2  *Treatment.*** This Class will be <u>Impaired</u>. The creditors in this Class will be paid

a fixed sum of $ $76,250.71, which will be approximately a dividend of 100% of the allowed

claims. This will be paid in fixed monthly payments of $1,267.00 monthly paid to the

Disbursing Agent. Distributions to this Class will be made on a quarterly basis. Each

creditor will receive a pro rata distribution of all funds distributed to the Class. This Class

will not be entitled to interest on their claims. The claims in this Class are not entitled to

post-petition interest, attorney's fees, or costs.

**7.8.3  *Prepayment.*** The Debtor may offer any member to pay their claim in full

after March 1, 2025. Any creditor electing to accept this prepayment shall receive 70

percent of their allowed unsecured claims, after deduction for any plan payments, in

satisfaction of their unsecured claim. The Debtor may offer the prepayment to creditors at

any time after March 1, 2025.  Provided the Offer is extended to all class 8 members at any

time it is offered, Creditors, who accept this offer, shall make their acceptance(s) in writing and the Debtor may require them to exchange a release in exchange for their prepayment.

**7.8.4   *No Revival Clause.*** To the extent that any of the claims in this Class are judgment liens that are stale and have not been timely revived during the statutory period prior to the commencement of this Case, the creditor shall not be entitled to revive the lien against the Debtor after the confirmation of the Plan.

**7.8.5   *Default.*** The only event of default for this Class is lack of payment consistent with the Plan. All creditors in this Class must give notice to the Debtor and its counsel by written notice specifying the alleged default and the action needed to cure the default. The Debtor shall have thirty (30) days to cure any default after receipt of that notice. No creditor may enforce any right or enforce any lien until this notice and opportunity to cure has been given. All notices of default must be mailed to the Debtor **AND** a copy of that notice shall be mailed to Donald R. Calaiaro at Calaiaro Valencik, 938 Penn Avenue, Suite 501, Pittsburgh, PA 15222-3708, with courtesy copies made to Donald Calaiaro at dcalaiaro@c-vlaw.com. All notices must be sent by certified mail, return receipt requested to be effective. The terms of these notice rights must be strictly enforced as a condition precedent to the exercise of any rights under this Plan.

In the event that the default is not cured within the time period allowed, the creditor will be allowed to take action to enforce their rights, subject to applicable laws and procedures.

This Class shall not be entitled to interest on their claims. The dividend to Class 8 is estimated to be 100 percent.

## **ARTICLE 8 - RETENTION OF JURISDICTION**

**8.1**   The Bankruptcy Court shall, after the confirmation date and until final

consummation, be entitled to exercise exclusive jurisdiction over the following matters:

(a)   To consider any modification of this Plan pursuant to Section 1127 of the Code.

(b)   To determine the allowance of all claims against the Debtor pursuant to Section 502 of the Code.

(c)   To hear and determine any objections filed within thirty (30) days after confirmation date to the allowance of any claim.

(d)   To hear and determine any adversary proceeding or contested matter, controversy, suit, or dispute over which the Bankruptcy Court has jurisdiction under 28 U.S.C. Sections 157 and 1334.

(e)   To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of the Plan.

(f)   To issue such orders as may be necessary for the administration and/or consummation of this Plan, including complaints to determine secured claims.

(g)   To set and determine all professional fees and other costs of administration in this Chapter 11 case.

(h)    For such other purposes as may be set forth in the Confirmation Order.

## <u>ARTICLE 9 - GENERAL PROVISIONS</u>

**9.1**  <u>Amendments</u>  This Plan may be amended by the Plan Proponent at any time prior to the confirmation date and thereafter as provided in Section 1127 of the Code.

**9.2**  <u>Headings</u>  The headings included in this Plan are for the sake of convenience and reference only and shall not constitute part of this Plan for any other purpose.

**9.3**  <u>Interest</u>  Except as specifically set forth in the Plan or in any Final Order of the Court entered during this Chapter 11 case, interest shall be deemed not to have accrued with respect to any claim since the filing date and no payment of interest will be made pursuant to the Plan.

**9.4**  This Plan contemplates that the case will be closed, and a final decree entered

as soon as all of the following have occurred:

    (a)    All fee applications have been filed and approved.   No fee application shall be allowed unless they have been filed prior to forty-five (45) days after the Order of Confirmation is entered.

    (b)    All objections to claims and adversary actions are filed and resolved.

    (c)    The Debtor has made the first payment to the administrative claimants; and

    (d)    The Debtor has compiled with the Post-Confirmation Order.

**9.6**  The Disbursing Agent may accelerate the payments to Class 8 if funds become available.

## ARTICLE 10 - AMENDMENT

**10.1**   The proponent of the Plan reserves the right to amend this Plan prior to confirmation  if there is a substantial event that alters the feasibility of this Plan or if the Plan fails to meet the requirements of 11 U.S.C. Section 1122 or if this Plan does not meet the requirements of 11 U.S.C. Section 1129, after a ballot of creditors.

**Respectfully Submitted,**

**Date:** October 17, 2024        **CALAIARO VALENCIK**

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire    PA I.D. 27538**

**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222-3708**
**Phone:**      **(412) 232-0930**
**Fax:**        **(412) 232-3858**
**Emails:**     **dcalaiaro@c-vlaw.com**

*Counsel for the Debtor and Debtor-in-Possession*
*Emanuel R. Mori*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | **)** **Bankruptcy No.** 24-20807-CMB |
| | **)** |
| Emanuel R. Mori, | **)** **Chapter** 11 |
| | **)** |
| **Debtor.** | **)** **Document No.** |

**CERTIFICATE OF SERVICE OF Chapter 11
Plan of Reorganization Dated October 17, 2024**

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on October 18, 2024.

**SERVICE BY FIRST CLASS MAIL**:
Emanuel R. Mori,  801 Limestone Drive, Allison Park, PA 15101

**SERVICE BY NEF**:
Kate Bradley on behalf of U.S. Trustee Office of the United States Trustee; kate.m.bradley@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the United States Trustee; elvina.rofael@usdoj.gov

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: First-Class Mail or Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** October 18, 2024        **CALAIARO VALENCIK**

/s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire    PA I.D. 27538**

**938 Penn Avenue, Suite 501
Pittsburgh, PA 15222-3708
Phone:        (412) 232-0930
Fax:            (412) 232-3858
Emails:        dcalaiaro@c-vlaw.com**

*Counsel for the Debtor and Debtor-in-Possession
Emanuel R. Mori*